**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2415 PSG (SHx) | Date | April 20, 2009 |
|---|---|---|---|
| Title | IndyMac Bank, F.S.B. v. Lucila Gomez | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Remand Order**

On March 3, 2009, Plaintiff IndyMac Bank, F.S.B. initiated this case against Defendant Lucila Gomez ("Defendant"). Then, on April 7, 2009, Defendant removed this case on the basis of federal question and diversity jurisdiction.

The Court has reviewed Defendant's notice of removal and the underlying complaint and finds that it lacks subject matter jurisdiction in this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction). The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *Caterpillar, Inc., v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.

There is also no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L. Ed. 435 (1806); 28 U.S.C. § 1332(a). Here, Defendant's removal fails to establish complete diversity between the parties. Also, from the face of Plaintiff's complaint, this action is for an amount that does not exceed $10,000. Moreover, based on the allegations in the complaint, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs. Thus, diversity jurisdiction is lacking.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2415 PSG (SHx) | Date | April 20, 2009 |
|---|---|---|---|
| Title | IndyMac Bank, F.S.B. v. Lucila Gomez | | |

    For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and, therefore, REMANDS the case.

    **IT IS SO ORDERED.**